UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES**,                                         Case No. 3:13-cr-00345-KI

        Plaintiff,                                 OPINION AND ORDER

v.

**MIGUEL AVILA-ARREOLA**,

        Defendant.

S. Amanda Marshall
United States Attorney
District of Oregon
Ethan D. Knight
Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902

    Attorneys for Plaintiff

Matthew Schindler
501 4th Street #324
Lake Oswego, OR 97034

Attorney for Defendant

KING, Judge:

Defendant Miguel Avila-Arreola is charged with Illegal Reentry in violation of 8 U.S.C. § 1326(a). Pending before the Court are a Motion to Dismiss [30] and a Motion for Discovery [28]. For the following reasons, I deny both motions.

## BACKGROUND

Avila-Arreola is facing an illegal reentry charge based on his removal from the United States after his felony convictions in 2010. In that year, Avila-Arreola pled guilty in Washington County Circuit Court to four charges: Assault in the Second Degree (ORS 163.175); Assault in the Third Degree (ORS 163.165); Unlawful Use of a Weapon (ORS 166.220); and Riot (ORS 166.015). According to his plea petition, Avila-Arreola "aided knowingly while another person caused physical injury to Gerardo Santos-Santos with a dangerous weapon." Def.'s Ex. 4, at 6, ECF No. 31. He was sentenced to 36 months' imprisonment on the Assault in the Second Degree charge, and concurrent sentences of 6 months' for the remaining charges. Avila-Arreola was thereafter removed from the United States to Mexico on January 14, 2012 pursuant to a Final Administrative Removal Order.

Avila-Arreola subsequently entered a guilty plea to Criminal Trespass in the First Degree in Washington County on June 24, 2013.[1] About a month later, on July 23, the United States indicted Avila-Arreola with the present charge of Illegal Reentry.

An assistant federal public defender represented Avila-Arreola at his first appearance, arraignment, and detention hearing on July 25. At that time, the Court scheduled a one-day trial for September 24. On August 23, at defense counsel's request, the Court struck the jury trial and scheduled a change of plea hearing on September 24. Four days after the Court entered the order striking the jury trial, retained counsel moved to substitute herself for the assistant public defender and the Court granted the substitution. On September 24, at the hearing scheduled to take Avila-Arreola's guilty plea, substitute counsel informed the Court that Avila-Arreola no longer wished to plead guilty; the Court then scheduled a jury trial to begin on November 19. The Court requested defense counsel file an affidavit or declaration containing a representation that Avila-Arreola waived his speedy trial rights, but the document she subsequently filed on Avila-Arreola's behalf contained an insufficient waiver. The Court then scheduled a hearing on October 23, at which Avila-Arreola's counsel failed to appear. Concerned about the upcoming trial date and the lack of a speedy trial waiver, the Court moved the trial date up to November 4 and scheduled a hearing for October 29. Defense counsel filed the pending motions the morning of the October 29 hearing. At the hearing, Avila-Arreola waived his speedy trial rights and the Court found excludable delay to December 4.[2]

---

[1] All events hereafter occurred in 2013.

[2] Avila-Arreola subsequently waived his speedy trial rights, so that his attorney could sufficiently prepare for trial, until February 11, 2014.

**DISCUSSION**

I.      Motion to Dismiss

Avila-Arreola contends the indictment must be dismissed for the following reasons: his right to a speedy trial; the unconstitutionality of the charging statute; the defect in the underlying removal order; the failure to advise him of immigration consequences; and the inaccuracy of the indictment.

      A.      Speedy Trial

Federal Rule of Criminal Procedure 48(b) permits a Court to dismiss an indictment if unnecessary delay occurs in bringing a defendant to trial. The Speedy Trial Act is intended to minimize delays in bringing cases to trial. 18 U.S.C. § 3161. It requires that federal defendants be brought to trial within 70 days of the filing of the indictment or 70 days from their first appearance, whichever date is later. United States v. Lewis, 611 F.3d 1172, 1175 (9th Cir. 2010). The Act recognizes it may be impossible to begin a trial within the time limits established by the Act and allows the Court to find any number of days excludable from the Act. Any delay resulting from an excludable event stops the running of the speedy trial clock. Upon motion by the defendant, the Act requires dismissal of the charges when a case does not proceed to trial within the required time limits. The Sixth Amendment similarly requires a speedy trial, and directs the Court to consider four factors in evaluating whether a violation has occurred: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of speedy trial rights; and (4) prejudice as a result of the delay. Doggett v. United States, 505 U.S. 647, 651-52 (1992).

At the time Avila-Arreola filed his motion to dismiss raising this argument, he had not waived his speedy trial rights. However, Avila-Arreola had engaged in plea negotiations pursuant to the fast track program, to the point where his counsel scheduled a plea hearing, and this Court struck his trial date. Pursuant to Ninth Circuit authority, the time devoted by the parties to the fast-track proceedings before September 24–the date the Court first learned Avila-Arreola no longer wished to plead guilty–was properly excludable. United States v. Alvarez-Perez, 629 F.3d 1053, 1058 (9th Cir. 2010) (describing time devoted to fast track as either "delay resulting from consideration by the court of a proposed plea agreement" or a "pretrial motion"). Accordingly, excluding the time the Court understood Avila-Arreola was going to plead guilty– from August 23 to September 24–I previously concluded Avila-Arreola should be tried by November 4. On October 29, before the speedy trial clock had run, Avila-Arreola requested additional time for his counsel to investigate and prepare his case and waived his speedy trial rights until December 4; the Court found excludable delay for purposes of further investigation and trial preparation pursuant to 18 U.S.C. § 3161(h)(7)(A).

As a result, there is neither a Speedy Trial Act violation nor a Sixth Amendment violation.

      B.      <u>Constitutionality of the Charging Statute</u>

Avila-Arreola next contends the statute under which he is charged is unconstitutional because his underlying removal was effectuated by an administrative order, rather than providing him with all the due process protections an immigration judge would have offered. He agrees the Attorney General is empowered to unilaterally remove someone convicted of an aggravated felony. 8 U.S.C. § 1228(b)(1) and (c). He contends, however, that whether a conviction counts

as an aggravated felony involves an analysis that must be carried out by an immigration judge, and not by an enforcement officer within the Department of Homeland Security.

With respect to Avila-Arreola's argument regarding the violation of his due process rights, the Ninth Circuit has rejected the very argument he makes here, holding the expedited removal proceeding (involving an immigration officer, rather than a judge) does not violate a defendant's due process rights. United States v. Garcia-Martinez, 228 F.3d 956, 963 (9th Cir. 2000).

Additionally, Avila-Arreola was convicted of an offense that is categorically an aggravated felony. An "aggravated felony" is defined to include a "crime of violence" resulting in a sentence exceeding one year. 8 U.S.C. § 1101(a)(43)(F). "Crime of violence" is defined to mean:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

Avila-Arreola was sentenced to 36 months' imprisonment for Assault in the Second Degree under ORS 163.175 meeting the requisite imprisonment time. The conviction is also one qualifying as a "crime of violence" because the statute requires intentionally or knowingly causing physical injury to another by means of a deadly weapon. ORS 163.175 (1); United States v. Crews, 621 F.3d 849, 852 (9th Cir. 2010) (assault in the second degree is a "crime of violence" under the sentencing guidelines, which requires "conduct that presents a serious potential risk of

physical injury to another"); Ortiz-Magana v. Mukasey, 542 F.3d 653, 661 (9th Cir. 2008) ("An alien . . . who is convicted of aiding and abetting an assault with a deadly weapon under California Penal Code § 245(a)(1) has committed a crime of violence as if he had personally committed the offense.").

Because Avila-Arreola was convicted of an aggravated felony before he was deported, and because the process causing his deportation is sufficient under the due process clause, the indictment is not subject to dismissal.

    C.    <u>Defect in the Underlying Removal Order</u>

Avila-Arreola contends that even if the process for removal was not defective, the administrative order is defective because it did not contain an explanation for its conclusion that he was convicted of an aggravated felony.

Because valid deportation is a "predicate element of his conviction," a defendant charged with illegal reentry may collaterally attack the underlying deportation order. United States v. Melendez-Castro, 671 F.3d 950, 953 (9th Cir. 2012). In order to succeed in such an attack, a defendant must show: (1) he exhausted any available administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and (3) the entry of the deportation order was fundamentally unfair. 8 U.S.C. § 1326(d).

Aside from the fact that Avila-Arreola has not attempted to satisfy any of these elements, I note that because he was convicted of a categorical aggravated felony prior to his deportation he cannot satisfy his burden of showing the deportation order was fundamentally unfair.

D.  Immigration Consequences

In his fourth reason to dismiss the indictment, Avila-Arreola argues he was not advised of any immigration consequences of the convictions; as a result, he was denied his right to effective counsel. See Padilla v. Kentucky, 559 U.S. 356 (2010); Strickland v. Washington, 466 U.S. 668 (1984).

As an initial matter, Avila-Arreola is precluded from collaterally attacking the felony conviction underlying his deportation order based on a claim of ineffective assistance of counsel. United States v. Gutierrez-Cervantez, 132 F.3d 460, 462 (9th Cir. 1997) (only a challenge to a prior conviction based on the denial of the right to appointed counsel is permitted). Furthermore, Padilla's rule–that failure to advise a client about immigration consequences can constitute ineffective assistance of counsel–is not retroactive to Avila-Arreola. Chaidez v. United States, 133 S. Ct. 1103, 1113 (2013). Finally, the evidence Avila-Arreola submitted in support of his motion to dismiss undermines his argument. The plea petition he signed specifically states, "I understand that if I am not a citizen of the United States, conviction of a crime may result, under the laws of the United States, in my deportation, exclusion from admission to the United States or denial of naturalization." Def.'s Ex. 4, at 6, ECF No. 31.

For all these reasons, Avila-Arreola's motion to dismiss the indictment must be denied.

E.  Factual Accuracy of the Indictment

Avila-Arreola's final argument is that the indictment contains an inaccurate statement as it accuses him of "having previously been arrested and denied admission, excluded, deported, *and* removed from the United States . . . ." Indict., ECF No. 1 (emphasis added). He argues he was only removed, and has not been denied admission, been excluded, or been deported.

Contrary to Avila-Arreola's assertion, "When a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any of those acts conjunctively charged may establish guilt." United States v. Renteria, 557 F.3d 1003, 1008 (9th Cir. 2009) (quoting United States v. Urrutia, 897 F.2d 430, 432 (9th Cir. 1990)). As a result, his motion to dismiss is denied.

II.  Motion for Discovery

Avila-Arreola seeks discovery from the government, including statements, prior criminal history, and exculpatory evidence. The government responds that it has already provided defendant's criminal history, his statements, documents relating to his removal, and documents relating to his underlying criminal convictions. Additional discovery is forthcoming pending the outcome of the pretrial offer, which remained open as of the government's filed response.

This motion is denied with leave to renew should Avila-Arreola require court intervention in any future discovery disputes.

**CONCLUSION**

For the foregoing reasons, Avila-Arreola's Motion to Dismiss [30] is denied and his Motion for Discovery [28] is denied with leave to renew.

IT IS SO ORDERED.

DATED this __18th__ day of December, 2013.

                       /s/ Garr M. King
                       Garr M. King
                       United States District Judge